# United States District Court
# Northern District of Indiana

| | |
|---|---|
| JOE L. KNUCKLES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 3:10-CV-243 JVB |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Joe L. Knuckles, a *pro se* prisoner, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his 2009 conviction in Elkhart County Superior Court for dealing in methamphetamine. *State v. Knuckles*, No. 20D03-0705-FB-24. Under Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ."

Knuckles' petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before considering the merits of a habeas petition, however, a federal court must ensure that the petitioner has exhausted all available remedies in the state courts. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Lewis*, 390 F.3d at 1025-26 (internal citations and quotation marks omitted).

Here, Knuckles raises a Fourth Amendment claim in his petition, but it is apparent that he has not yet exhausted his state court remedies with respect to this claim. The attachments he submits show that he is raising a Fourth Amendment claim in his direct appeal to the Indiana Court of Appeals. (DE 1-2 at 1-24.) Knuckles states that the Indiana Court of Appeals affirmed his conviction on May 17, 2010, but the attachments he submits reflect that this is actually the date on which the state filed its appellate brief. (*See* DE 1-3 at 20.) The public docket for the Indiana Court of Appeals confirms that Knuckles' direct appeal became fully briefed on June 17, 2010, and no opinion has yet been issued. *See Knuckles v. State*, No. 20A05-1002-CR-0057. Knuckles must await a decision by the Indiana Court of Appeals, and in the event the decision is unfavorable, he must file a petition to transfer in the Indiana Supreme Court. Until he has exhausted his state court remedies, he cannot obtain federal habeas relief. Accordingly, the petition must be dismissed without prejudice.[1]

---

[1] The court should consider staying rather than dismissing a petition containing unexhausted claims when the one-year statute of limitations under AEDPA has run or is close to running, such that "dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (2006). There is no such danger here, since Knuckles' conviction has not become final and the one-year statute of limitations has not yet begun to run. *See* 28 U.S.C. § 2244(d)(1)(A).

For these reasons, the petition is **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED** on July 9, 2010.

                                                       s/ Joseph S. Van Bokkelen
                                                       Joseph S. Van Bokkelen
                                                       United States District Judge
                                                       Hammond Division